MAMIE F. ROURKE et al., Respondents, v. METROPOLITAN STREET RAILWAY COMPANY et al., Appellants.

Kansas City Court of Appeals, June 3, 1912.

APPEALS: Jurisdiction: Supreme Court: Courts of Appeals: Subsequent Appeals. Where a plaintiff claimed an amount in his petition exceeding the jurisdiction of the Court of Appeals, and was defeated in the circuit court, the Supreme Court has jurisdiction of his appeal, and if the case be remanded for a new trial, in which plaintiff recovers a sum within the jurisdiction of the Court of Appeals, the Supreme Court will nevertheless have jurisdiction of the defendant's appeal. The statute contemplates that a case once properly appealed and heard by the Supreme Court, that court has jurisdiction of all subsequent appeals regardless of amount.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

TRANSFERRED TO THE SUPREME COURT.

*John H. Lucas* and *E. R. Morrison* for appellants.

*Reed, Yates, Mastin & Harvey* for respondents.

ELLISON, J.—Plaintiffs' action was instituted to recover damages to their property at Eighth and Main streets, in Kansas City, alleged to have accrued to them by reason of the building of an elevated railway structure along Eighth street. The judgment in the trial court was for the plaintiffs.

This is the second appeal of the case. The first was taken to the Supreme Court by the plaintiff and will be found reported in 221 Mo. 46, where a full statement of the facts will be found, and to which we refer.

The first appeal being by the plaintiffs and their claim being for a sum beyond the jurisdiction of the Court of Appeals, the appeal was, for that reason, within the jurisdiction of the Supreme Court. At the last trial plaintiffs were successful, but in an amount within the jurisdiction of this court, and defendant took its appeal to this court. But the case having been first determined by the Supreme Court, that court, under the provisions of sections 1 and 2, page 190, is finally determined, notwithstanding the amount is within the limit of our jurisdiction generally.

To the suggestion that the act of 1911 includes only cases pending in the Supreme Court at the date of the act, we refer to the second section, where actions then pending in the *circuit court* which had been formerly in the Supreme Court, are referred to. It follows that jurisdiction of this appeal is, under the terms of the act, in the Supreme Court, and the cause will be transferred to that court. All concur.